UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLOTTE BUMGARNER,

    Plaintiff,
v.                                                      CASE NO. 8:23-cv-1178-MSS-SPF

SANOFI US SERVICES, INC.,

    Defendant.
_____/

### ORDER

Before the Court is Defendant's Motion to Compel Production of Current Signed Medical Records Authorization (Doc. 31), Defendant's Notice of Supplemental Authority (Doc. 36), Plaintiff's Response in Opposition to Defendant's Motion to Compel (Doc. 37), and Defendant's Reply in Support of Motion to Compel (Doc. 40). Upon consideration, the Motion is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

This case is one of several thousand product liability actions directly filed in the Eastern District of Louisiana as part of Multi-District Litigation ("MDL") 2740, all of which involve Defendant's chemotherapy drug Taxotere (Doc. 7). In May 2023, the MDL Court found that the purposes of consolidation had been served, and Plaintiff's case was transferred to the Middle District of Florida (Doc. 7). Prior to the transfer, the MDL Court issued Pretrial Order No. 38, which requires each MDL plaintiff to complete a Plaintiff Fact Sheet ("PFS") (Doc. 5-6 at 2).[1] The court-ordered PFS includes a document request for "[s]igned

---

[1] Pretrial Order No. 38 corrected typographical issues and inconsistencies with the original PFS, which was attached as Exhibit A to Pretrial Order No. 18 (Doc. 3 at 131–71).

authorizations for medical records related to any cancer treatment identified herein and all pharmacy records from three (3) years before and three (3) years after your first treatment with Taxotere in the forms attached hereto," and includes the authorization form subject to this dispute (Doc. 5-6 at 32–33). Defendant points out that Plaintiff completed and supplemented her PFS five times between 2017 and 2022 without objection, and has provided a newly executed medical authorization at least four times since initiating her lawsuit (Doc. 31 at 4). Now, Defendant seeks an order: (1) compelling Plaintiff to produce a current signed medical records authorization; and (2) awarding Defendant its reasonable attorney's fees and costs incurred in connection with the Motion pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

## DISCUSSION

Defendant contends that Plaintiff is required to provide a current signed medical records authorization pursuant to Pretrial Orders Nos. 18, 22A,[2] and 38 of MDL 2740, as well as Rules 26(b)(1), 26(e), 33, and 34 of the Federal Rules of Civil Procedure (Doc. 31 at 2). Defendant argues that Pretrial Order No. 38 is binding on this Court pursuant to the law of the case doctrine (*Id.* at 5). Defendant adds that enforcement of Pretrial Order No. 38 is also appropriate here due to Plaintiff's failure to object to or oppose the Order for five years while her case remained pending in MDL 2740 (*Id.* at 6). In addition, Defendant points out that pursuant to Rules 26(e), 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff has a continuing obligation to supplement all written discovery responses, including her response

---

[2] Pretrial Order No. 22A provides that "Plaintiffs' responses to the PFS shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26." (Doc. 31-4 at ¶ 8).

2

to the Court-issued document request for signed medical authorizations on the form proposed by the parties and propounded by the Court (*Id.* at 6–7).

Plaintiff opposes the Motion, arguing that Defendant is seeking "an unlimited authorization" that is broader than what is required by Pretrial Order No. 38 (Doc. 37 at 4). In support, Plaintiff attaches the authorization that Defendants want executed (Doc. 37-1). The authorization appears identical to the one in Pretrial Order No. 38 except it requests records and information "from 2006 – present" instead of "from the time period of twelve (12) years prior to the date on which the authorization is signed" as required by Pretrial Order No. 38. *Compare* Doc. 37-1, *with* Doc. 5-6 at 33.

To the extent Defendants are seeking broader authorizations than those required by Pretrial Order No. 38, the Motion is denied.  The MDL Court required Plaintiff to use a particular form of authorization.  That is the form that she is required to complete.

The Court is not persuaded by Plaintiff's additional arguments that the Court needs to address the scope of discovery under Florida law or revisit the scope of Pretrial Order No. 38. The MDL Court issued the pretrial orders regarding the PFS after receiving and reviewing proposals submitted by the parties (Doc. 3 at 131–71).  Thus, the MDL Court has already considered and ruled on the various views on the scope of Pretrial Order No. 38 and its applicability to both sides.  There is no need for this Court to revisit these issues or modify Pretrial Order No. 38, and doing so would run counter to the aims of the MDL procedure. *See Delgado v. Boston Sci. Corp.*, No. 6:20-cv-1842, 2020 WL 13356790, at *2 (M.D. Fla. Nov. 3, 2020) ("[T]he fundamental idea behind consolidation into an MDL is to avoid duplicative discovery.  Thus, transferor courts are hesitant to . . . revisit rulings made by the transferee judge."); *U.S. ex rel. Staley v. Columbia/HCA Healthcare Corp.*, 587 F. Supp. 2d 757, 760 (W.D.

Va. 2008) ("The multidistrict litigation system aims to simplify pretrial proceedings in multidistrict cases.").

The parties are required to comply with the prior orders from the MDL Court. Plaintiff is not permitted to simply ignore discovery orders from the MDL Court because this matter has now been remanded to this Court. *See The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 584 (1978) (stating that "it is inappropriate for a transferee judge to permit parties to ignore prior unmodified orders of the transferor judge") (citing *In re Penn Central Secs. Litig.*, 62 F.R.D. 181, 187 (E.D. Pa. 1974)). Plaintiff must continue to provide supplemental authorizations to Defendant as dictated by Pretrial Order No. 38. Thus, Defendant's Motion is due to be granted in part, such that the Court orders Plaintiff to provide a current signed authorization as required by Pretrial Order No. 38.

Defendant also requests attorney's fees (Doc. 31 at 15). If a motion to compel "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Rule 37(a)(5)(C) applies here because the Motion is due to be granted in part and denied in part. Rule 37(a)(5)(C) grants this Court discretion in deciding whether to award reasonable expenses, including attorney's fees. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 470, 472 (M.D. Fla. 2008) (noting that awards of attorney's fees are discretionary under Rule 37(a)(5)(C)). The Court declines to award fees or costs.

Accordingly, it is hereby **ORDERED**:

(1) Defendant's Motion to Compel Production of Current Signed Medical Records Authorization (Doc. 31) is **GRANTED IN PART AND DENIED IN PART**;

(2) On or before August 29, 2024, Plaintiff shall provide a current signed medical records authorization pursuant to Pretrial Order Nos. 18, 22A, and 38;

(3) Defendant's Motion is **DENIED** to the extent it seeks the execution of an authorization form broader than the one required by Pretrial Order No. 38; and

(4) Defendant's request for reasonable attorney's fees and costs is **DENIED**.

**ORDERED** in Tampa, Florida, August 15, 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE